Matter of Kaufman

2026 NY Slip Op 03095

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of George S. Kaufman, Deceased. Thomas D. Kearns, Petitioner-Appellant,

v

Bessemer Trust Company, N.A., et al., Respondents-Respondents.

Decided and Entered: May 14, 2026

File No. 2018-711/A+/C 2018-711/E|Appeal No. 6625-6626|Case No. 2025-00381 2025-01365|

Before: Webber, J.P., GonzáLez, Pitt-Burke, Higgitt, Hagler, JJ.

Farrell Fritz P.C., Uniondale (Frank T. Santoro of counsel), for appellant.

Thompson Coburn LLP, New York (Zachary G. Newman of counsel), for Bessemer Trust Company, N.A., respondent.

[*1]

Order, Surrogate's Court, New York County (Rita Mella, J.), entered December 16, 2024, which denied petitioner's motion for authorization to conduct Surrogate's Court Procedure Act § 1404 examinations and obtain related discovery, and granted respondent Bessemer Trust Company, N.A.'s motion to dismiss the petition, unanimously affirmed, without costs.

Decree, Surrogate's Court, New York County (Rita Mella, J.), entered January 30, 2025, which denied the petition, admitted to probate the May 2, 2006 will of the deceased, George S. Kaufman, along with the April 2, 2008 and December 19, 2017 codicils thereto, and ordered that letters testamentary be issued to respondent Bessemer Trust Company, N.A., unanimously affirmed, without costs.

This dispute concerns petitioner's standing to pursue SCPA 1404 examinations and ultimately to object to probate of the 2017 codicil and to the validity of the 2017 trust amendment. It is undisputed that petitioner's sole financial interest in the will and trust agreement is in the commissions to which he would have been entitled had his appointments as executor and trustee not been revoked by the 2017 amendments. He thus does not have standing absent a showing of "good cause" (see SCPA 1410; Matter of Astor, 21 Misc 3d 400, 409 [Sur Ct, Westchester County 2008], affd 62 AD3d 867 [2d Dept 2009]). We find that petitioner has not demonstrated good cause and that he lacks standing even to pursue discovery.

We note that there are several other parties — including the Charities Bureau of the New York State Attorney General's Office, which represents the beneficiaries of the charitable trust that many of the decedent's assets will ultimately fund — that could inquire into the validity of the 2017 amendments if they saw fit to do so, but they did not and instead supported the motion to dismiss the petition.

In view of our disposition of this issue, we need not reach the parties' arguments with respect to mootness.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026